The Honorable James Dietz State Representative 7520 Highway 107 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion on whether Arkansas real estate brokers and financial institutions can legally participate in the Interest on Real Estate Trust Account (IORETA) program in light of 12 U.S.C. § 1832.
For the reasons that follow, it is my opinion that although the issue might not be entirely clear, the current federal case law on point would appear to allow such an action.
Specifically, you have noted that "IORETA" was authorized by Act 340 of 1989 (codified at A.C.A. 17-35-601 et seq.). It is a voluntary program by which the trust monies held by real estate brokers, which have been deposited with them by real estate clients, may be invested in interest-bearing bank accounts, and the interest distributed to a nonprofit, tax exempt organization for charitable, education, or certain other nonprofit purposes. The Arkansas Real Estate Commission has appointed the "Arkansas Real Estate Foundation, Inc." as the nonprofit corporate recipient under the program, and it is my understanding that the Foundation has obtained I.R.S. tax exempt status pursuant to 501(c)(3) of the Internal Revenue Code. Additionally, the Arkansas Real Estate Commission has amended its Rule 138 to permit real estate brokers to participate in IORETA. The program is similar to the "IOLTA" program for lawyers' trust accounts. Your question is whether these facts violate 12 U.S.C. § 1832 which provides as follows:
(a)(1) AUTHORITY OF DEPOSITORY INSTITUTION; APPLICABILITY.
 (1) Notwithstanding any other provision of law but subject to paragraph (2), a depository institution is authorized to permit the owner of a deposit or account on which interest or dividends are paid to make withdrawals by negotiable or transferable instruments for the purpose of making transfers to third parties.
 (2) Paragraph (1) shall apply only with respect to deposits or accounts which consist solely of funds in which the entire beneficial interest is held by one or more individuals or by an organization which is operated primarily for religious, philanthropic, charitable, educational, political, or other similar purposes and which is not operated for profit, and with respect to deposits of public funds by an officer, employee, or agent of the United States, any State, county, municipality, or political subdivision thereof, the District of Columbia, the Commonwealth of Puerto Rico, American Samoa, Guam, any territory or possession of the United States, or any political subdivision thereof.
This office interpreted this provision in a former opinion concerning lawyers' trust accounts. See Opinion No. 86-389, copy enclosed. It was concluded in that opinion that the lawyers and financial institutions involved therein could legally participate in the IOLTA program under 12 U.S.C. § 1832. The opinion stated that:
 "Although the beneficial interest of funds in the account is held by clients of the participating attorney, only the IOLTA Foundation receives any interest from the interest earned on the deposit. Such appears to be permitted by the intent of 12 U.S.C. § 1832(a)(2)."
The opinion notes that 1832(a)(2) makes 1832(a)(1) applicable only to deposits or accounts which consist solely of funds in which the ENTIRE BENEFICIAL INTEREST is held by individuals or charitable organizations. Here, the entire beneficial interest is not held by a charitable organization. It may also not be held by "one or more individuals."[1] The charitable organization is entitled only to the interest earned on the deposit. The beneficial interest in the principal belongs to the real estate clients who have given trust monies to real estate brokers. Opinion No. 86-389 concluded that this scenario appeared to be within the intent of 1832(a)(2). It appears that this conclusion has been backed up by federal case law handed down after the issuance of Opinion No. 86-389.
In Cone v. State Bar of Florida, 819 F.2d 1002 (11th Cir. 1987), cert. denied, 484 U.S. 917 (1987), a case dealing with a lawyers' trust account program, the Eleventh Circuit held that the interest program in issue there did not violate 1832(a)(2). The court, however, did not specifically address the "beneficial interest" issue as it related to the program. It noted, however, that:
 "[m]aking an eligible nonprofit charitable organization (the Foundation) the sole recipient of the interest produced by the trust funds enables the IOLTA to use NOW accounts without violating 12 C.F.R. 217.157."
819 F.2d at p. 1006. See also, on the "beneficial interest" question, Attorney General Opinions: Ohio No. 85-022; Missouri, April 2, 1985; New York No. 84-F7; Oklahoma No. 84-117; Illinois No. 83-012; 67 Municipal 248 (1982); Michigan No. 6462 (1987); Kentucky No. 86-049; Maine No. 86-016; and Massachusetts 1985/86 No. 9.
Implicit in the court's ruling is the fact that the program did not violate 12 U.S.C. § 1832(a)(2). The United States Supreme Court denied certiorari.
With the foregoing in mind, it is my opinion that current federal law, as interpreted, appears to sanction the use of interest bearing accounts in the manner proposed by the IORETA program. We have a lingering concern, however, about the "beneficial interest" issue. At least one circuit court, however, has dismissed this concern. See Cone, supra.
Finally, it should be noted that the question of whether the Arkansas Real Estate Foundation, Inc. actually uses the interest funds for "religious, philanthropic, charitable, educational, political, or other similar purposes" so as to fall within 1832(a)(2), is a question of fact, the resolution of which is beyond the power of this office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It is possible that the entire beneficial interest would belong to "one or more individuals" if all of the particular real estate broker's clients who deposit trust monies are individuals and not partnerships or corporations. If so, the IORETA program would clearly not be prohibited by 1832(a)(2).